**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **3:12-CR-067-L-01** |
| | § | **(USCA NO. 12-11097)** |
| **ARTURO HERRERA-GARCIA,** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge for findings and recommendation regarding Defendant's *Unopposed Motion for Leave to [File] Untimely Notice of Appeal for Good Cause* and whether Defendant's untimely filing was due to excusable neglect or good cause. (Doc. 42, 43). For the reasons that follow, the Court finds Defendant's unopposed motion should be granted.

## I.

On October 2, 2012, The District Court entered judgment. Then, on October 30, 2012, the Clerk filed Defendant's *pro se* notice of appeal, initially signed on October 22, 2012. Subsequently, the United States Court of Appeals for the Fifth Circuit remanded this case for determination of whether excusable neglect or good cause entitles Defendant to an extension of time to appeal under FED. R. APP. P. 4(b)(4). (Doc. 41). Through appointed counsel, Defendant now seeks leave to file an untimely notice of appeal for good cause.

## II.

A district court may extend the time for filing a notice of appeal by thirty days if the defendant can show excusable neglect or good cause for not meeting the deadline. *See* FED. R. APP. P. 4(b)(4). The United States Supreme Court's flexible interpretation of the excusable neglect standard controls the determination of excusable neglect under Rule 4(b). *United States*

*v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380 (1993)).

In *Pioneer*, the Supreme Court considered several circumstances relevant to the excusable neglect determination, including the length of the delay and its potential impact on judicial proceedings, as well as the reason for the delay, including whether it was within the reasonable control of the movant and whether the movant acted in good faith. *Pioneer Inv. Serv. Co*, 507 U.S. at 395-96. Excusable neglect is not limited to errors caused by circumstances beyond the late-filing party's control, but covers inadvertent delays, as well. *Id.* However, "inadvertence, ignorance of the rules, or mistakes construing the rules usually do not constitute 'excusable' neglect." *Id.* at 392.

In light of the minimal delay involved in this case, the absence of prejudice, and the reason given for the delay – namely that Defendant's "desire to appeal his case arose after his post-sentencing discussions with trial counsel" – the Court concludes that Defendant has demonstrated excusable neglect and that an extension of time to appeal under Rule 4(b) (4) should be granted.

III.

For the foregoing reasons, it is recommended that Defendant's *Unopposed Motion for Leave to [File] Untimely Notice of Appeal* (Doc. 42) be **GRANTED**.

SIGNED January 17, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE